Baldwin, J.
This is substantially an action by an insolvent to recover damages from the sheriff for selling the equity of redemption in certain slaves surrendered in *510 his schedule. That such is the true nature of the case appears from the face of the declaration. The declaration alleges that the relator took the oath of an insolvent debtor in due form of law, surrendering in his schedule all his interest, being an equity of redemption, in the slaves, which slaves had been previously conveyed by him in a deed of trust to secure a debt therein recited; and there is no averment that the slaves ever came to the possession of the sheriff. It must be taken, therefore, that the sheriff undertook to sell, and in point of fact only sold, the insolvent’s equity of redemption in the slaves: and the question is, whether he can be subjected to damages for so doing, in an action upon his official bond. The relator does not claim adversely to the deed of trust: on the contrary, he expressly recognizes its validity. The case in this respect is not like that of Shirley v. Long, 6 Rand. 736. There, the insolvent had made a fraudulent gift of his property to his children, and the right vested by law in the sheriff was not subject to, but in conflict with, that gift. He acquired the absolute title, and moreover the right of possession ; and two out of the three judges expressed the opinion, that even upon the supposition that the sheriff acted irregularly, in selling the property when out of possession and during the adverse claim of the fraudulent donees, yet that the title passed to the purchaser. But, in the present case, the title and the right of possession were vested in the trustee, for the purposes of the trust; and the sheriff acquired the mere equity of redemption, and neither the right of property nor the right of possession. It is unnecessary to consider whether he had the legal authority under the statute to sell that equity of redemption. If he had not, then the sale was merely void, and the relator has been in no wise injured : he has not even been deprived of the possession of the property. On the contrary, if the sheriff had legal authority to make the sale, he cannot be made re *511 sponsible for exercising it, in the absence of all irregularity, fraud or oppression on his part. It is true, the deduration alleges, that the property was sacrificed by the misconduct of the sheriff, in not causing the deed of trust to be paid off, by a sale of so many of the slaves as might be required therefor, and in not exposing the slaves to the view of purchasers at the time and place of sale. But, as to the first, it is clear that the sheriff was not bound to redeem the property by paying off the prior incumbrance; and that he had no legal power to sell part of the slaves for that purpose, inasmuch as he could not transfer to the purchaser the title vested in the trustee: And as to the last, the sheriff, having neither the possession nor the right of possession, had not the means of exposing the property to the view of bidders, which moreover would have availed little or nothing, with the knowledge on their part that he could not give them the possession. In short, unless a man can be made liable for doing a legal act without any improper motive, or for doing an illegal act which is merely void and occasions no injury to the complainant, this action cannot be supported. I have no hesitation in saying that the court below did right in sustaining the demurrer to the plaintiff’s declaration.
The other judges concurred. Judgment affirmed.